# Delahunty Dyeing Machine Company v. Pennsylvania Knitting Mills, Appellant.

*Contract—Sale—Satisfaction to purchaser.*

In an action for the price of machinery, which, by the terms of sale, is to "prove satisfactory" to the purchaser, it is not enough to show that he ought to be satisfied, or that others are satisfied with it; the contract requires satisfaction on his part. On the other hand, the operation of the machinery to the satisfaction of the purchaser must be understood as meaning a satisfactory result in the production of a marketable commodity, when it is properly operated; and this implies an adequate test, made in good faith, under suitable conditions, by a competent operator, to determine whether such a result will be obtained. The purchaser cannot omit this, and from indifference, prejudice, caprice or change of purpose, arbitrarily declare the machinery unsatisfactory. And if, by the contract, the manufacturer is to provide instruction in operating, such instruction must be accepted in good faith, and the necessary means and facilities provided for making it effective.


Argued Nov. 17, 1904. Appeal, No. 113, Oct. T., 1904, by defendant, from judgment of C. P. Berks Co., May T. 1901, No. 33, on verdict for plaintiff in case of Delahunty Dyeing Machine Company v. Pennsylvania Knitting Mills of Reading. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for machinery sold and delivered. Before ENDLICH, J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $976.40. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*Charles H. Tyson*, with him *Sherman H. Hoverter*, for appellant, cited: Seeley v. Welles, 120 Pa. 69; School-Furniture Co. v. Warsaw School District, 130 Pa. 76; Howard v. Smedley, 140 Pa. 81; Boiler Works v. Schnader, 155 Pa. 394; Delahunty Dyeing Machine Co. v. Penn. Knitting Mills, 19 Pa. Superior Ct. 501; Slaymaker v. Irwin, 4 Wharton, 369.

*Isaac Hiester*, with him *Charles H. Schaeffer*, for appellee.

OPINION BY SMITH, J., March 14, 1905 :

The principles that govern the determination of the questions presented in the thirty-one assignments of error may be embraced in a comparatively narrow compass. In an action for the price of machinery, which, by the terms of sale, is to "prove satisfactory" to the purchaser, it is not enough to show that he ought to be satisfied, or that others are satisfied with it; the contract requires satisfaction on his part. On the other hand, the operation of the machinery to the satisfaction of the purchaser must be understood as meaning a satisfactory result in the production of a marketable commodity, when it is properly operated ; and this implies an adequate test, made in good faith, under suitable conditions, by a competent operator, to determine whether such a result will be obtained. The purchaser cannot omit this, and from indifference, prejudice, caprice or change of purpose, arbitrarily declare the machinery unsatisfactory. And if, by the contract, the manufacturer is to provide instruction in operating, such instruction must be accepted in good faith, and the necessary means and facilities provided for making it effective.

By the contract in the present case, the machines were to prove satisfactory to the purchaser—though there is a conflict of evidence as to his requirements respecting the quantity of goods to be satisfactorily dyed ; and the plaintiff was to provide instruction in their operation. The defense is that they did not prove satisfactory. The plaintiff replies that this has not yet been determined, since the machines have not been put to the proof stipulated in the contract—that of being operated under the instruction which he was to give, but that such instruction, when offered, was rejected. The defendant's workmen undertook to operate them without instruction, but with unsatisfactory results. The defendant's dyer then wrote to the plaintiff to "send some one who is expert in the use of your machine, and can show it will do what you have guaranteed, and that it is suitable for dying hosiery." The plaintiff accordingly sent a man for this purpose. He testified that the dyer's mode of operating the machines, as described to him by the latter, was wrong, and that he explained the proper

method.   The dyer, however, refused to act on his instructions, or to have anything more to do with the machines.   It further appears, from the testimony of one of the defendant's witnesses, that the defendant's superintendent refused to furnish goods to operate on for the purpose of giving the requisite instruction except on condition that if spoiled they should be paid for; and this is corroborated by the defendant's dyer in his deposition read on the rule for a new trial.   The defendant made no further effort to operate the machines, but called on the plaintiff to take them away as unsatisfactory.

It was for the jury to find, from all the evidence, epistolary and oral, what the parties contracted to do, and whether the contract was fully or substantially performed, or the performance undertaken by the plaintiff, in giving the instruction provided for by the contract, was prevented by the defendant.   Every matter in dispute was submitted with careful, accurate and impartial instructions, and we cannot say that the verdict was not warranted by the evidence.   On a material point, indeed, the defense was weakened by the defendant's refusal to afford an adequate opportunity for instruction in the proper operation of the machines, since this left the question whether they would prove satisfactory without the test which the plaintiff had a right to require.   The demand that the plaintiff should pay for goods that might be spoiled in such a test introduced a condition not embraced in the stipulation for instruction, and the contract placed the plaintiff under no obligation to comply with it.

Few of the assignments of error require specific consideration.   The report of the defendant's dyer was an ex parte statement, not admissible as proof of the matters which it contained ; if evidence of these was competent, it should have been introduced by the testimony of a witness, subject to cross-examination.   Only an expert could testify respecting the causes of the results, in operating the machines, complained of by the defendant, or to Fisher's skill as a dyer, and the testimony offered on these points was not that of an expert; moreover, the only material question respecting Fisher was in relation to Fisher's ability to operate the machines, and his skill as a dyer had no bearing on this.   Evidence of the damage to the defendant through the plaintiff's failure to remove the

machines might have been important, had the jury found that the contract required him to remove them; but this is negatived by the verdict. The first thirty assignments require no further discussion. As to the thirty-first, nothing in the depositions affords any substantial reason for a new trial. At best, they present only cumulative evidence respecting some matters of secondary importance, and Fisher's deposition shows that he refused to receive the instruction offered on the part of the plaintiff except on payment for goods that might be spoiled in the course of the instruction. Under the contract, the plaintiff had a right to have the machines tested under such instruction, before the defendant could be heard to allege that they were unsatisfactory.

Judgment affirmed.